## In re BOSTON & PROVIDENCE R. CORPORATION.

No. 62413.

District Court, D. Massachusetts.

Feb. 12, 1942.

Warren, Garfield, Whiteside & Lamson, of Boston, Mass., for Boston & Providence R. Corporation.

Robert H. Holt, of Boston, Mass., for Provident Institution for Savings in City of Boston.

FORD, District Judge.

On March 22, 1940, the Interstate Commerce Commission (hereinafter referred to as the Commission), entered an order approving a plan of reorganization of the above named debtor and certified it to this court on April 15, 1940. This plan was modified by an order of the Commission on February 18, 1941, and certification of the report and order was made to this court under date of February 27, 1941.

On April 22, 1941, in accordance with subsection e of Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, sub. e, an order of this court issued directing that notice be given to all parties in interest that objections to the plan and claims for equitable treatment be filed on or before May 10, 1941.

In accordance with this order objections were filed by or on behalf of the debtor, the Provident Institution for Savings in the Town of Boston, the New York, New Haven and Hartford Railroad Company (hereinafter referred to as the New Haven), a committee representing an independent group of stockholders, the Hanover Fire Insurance Company of New York, and one Fisher, of New York City, stockholders.

On February 27, 1941, the Commission had certified to the District Court of the United States for the District of Connecticut a plan (hereinafter referred to as the New Haven plan) approved by it in reorganization proceedings of the New Haven pending in that court.

By an opinion dated and handed down on December 8, 1941, in the District Court of Connecticut Judge Hincks disapproved the New Haven plan and referred it back to the Commission for further action.

On February 9, 1942, after due notice in accordance with the provisions of subsection e of Section. 77 of the Bankruptcy Act, a hearing was held which was participated in by all parties in interest desiring to be heard in support of, and in opposition to, objections to the plan which were filed as stated above.

The plan of reorganization for the debtor, which is now before this court, depends for its execution upon a transfer of all the debtor's property to the New Haven. It contemplates a sale of all the debtor's assets to the New Haven and the cancellation of the debtor's claims against that railroad, in exchange for securities to be issued by the New Haven under its plan of reorganization, and the cancellation of the New Haven's claims against the debtor estate. Corresponding provisions were included in the New Haven plan disapproved by Judge Hincks in the Connecticut Court by which the reorganized New Haven would be required to buy the assets of the debtor for the same considerations which were prescribed in the debtor's plan for their sale.

Subsection e of Section 77 of the Bankruptcy Act, in part, provides: "the judge shall approve the plan if satisfied that: (1) It complies with the provisions of subsection (b) of this section, * * *".

Subsection b, with which the plan must comply to be approved in accordance with the foregoing, provides: "A plan of reorganization within the meaning of this .section * * * (5) shall provide adequate means for the execution of the plan, which may include the transfer of any interest in or control of all or any part of the property of the debtor to another corporation or corporations, the merger or consolidation of the debtor with another corporation or corporations, * * *".

In view of the disapproval by Judge Hincks of the New Haven plan it is obvious that no authority now exists for the New Haven to purchase the property of the debtor, which purchase is the very essence of the plan of reorganization now before this court. Thus it appears that the debtor's plan is not feasible since it lacks adequate means of execution required by subsection b of the statute. The plan becomes little more than an offer for sale of the debtor's estate with no authorized purchaser. Accordingly the plan now before this court will have to be disapproved.

An order will be entered disapproving the plan as modified and the proceedings thereon are referred back to the Commission on motion of the Provident Institution for Savings in the Town of Boston. Section 77, subsection e of the Bankruptcy Act.