**In re BOSTON & PROVIDENCE R. CORP.**

No. 62413.

United States District Court
D. Massachusetts.

Feb. 19, 1952.

Jacob J. Kaplan, Boston, Mass., Nutter, McClennen & Fish, Boston, Mass., Lord, Day & Lord, New York City, Ralph Montgomery Arkush, New York City, of counsel, for petitioners.

Charles W. Mulcahy, Boston, Mass., trustee in reorganization.

FORD, District Judge.

The petitioners, as a committee allegedly representing approximately 58% of the outstanding stock of the debtor, filed a petition with this court in which they ask the court to issue instructions to the trustee in reorganization with respect to matters now under consideration by the Interstate Commerce Commission (hereinafter called the Commission) in the formulation of a plan of reorganization of the debtor.

The petition sets forth in considerable detail the reorganization proceedings of the debtor. There is no need, for the purposes of this memorandum, to set them forth in detail. However, certain facts should be kept in mind. The Boston and Providence Railroad Corporation (hereinafter called B & P) was chartered in 1831. Since April 11, 1888 neither the B & P nor its trustee have operated over its lines of railroad or carried on any railroad operations of any character. On April 7, 1888, B & P executed a lease of its properties to Old Colony Railroad Company for a term of 99 years beginning April 1, 1888. On April 11, Old Colony took possession. On February 15, 1893, Old Colony leased all its properties, including its leasehold interests in B & P, to the New York, New Haven & Hartford Railroad Company and B & P became a part of the New Haven system. New Haven, its trustees, or the reorganized New Haven, have operated it down to date.

Two plans of reorganization of the debtor have already been submitted to this court for approval. These were disapproved and referred back to the Commission on the respective dates of February 12, 1942, D.C., 43 F.Supp. 327, and February 28, 1948, D.C., 76 F.Supp. 185. These plans contemplated a sale of the debtor property to the New Haven, as does the trustee's proposed plan now being considered by the

Commission. The petitioners here have no objection to the underlying principle of a sale to New Haven, but they assert that if a sale to New Haven is to take place the price paid should reflect the true value of the B & P properties.[1] This true price cannot be arrived at, is the contention, until certain claims are adjudicated in the Connecticut court which has exclusive jurisdiction with respect to them. Warren v. Palmer, 310 U.S. 132, 60 S.Ct. 865, 84 L.Ed. 1118; In re New York, N. H. & H. R., 2 Cir., 169 F.2d 337.

The first of these claims is the so-called prior lien claim that arose after application of a so-called segregation formula which was worked out by the Commission and designed to allocate the revenues and expenses among the nineteen parts of the New Haven system subject to various mortgages or leases. Sec. 77, sub. c (10) of the Bankruptcy Act, 11 U.S.C.A. § 205, sub. c (10). Claimed deficits in the use of B & P's properties by the New Haven's trustees before and after the rejection of the B & P lease in 1938 and by the reorganized New Haven after consummation of the New Haven plan in 1947 are the basis of the prior lien claim, § 77, sub. c(6) of the Bankruptcy Act, of the New Haven. The trustees of New Haven and the B & P trustee on April 25, 1941 entered into a stipulation which set forth the pending and long since discontinued litigation on this claim in the New Haven court and recited that the reorganization plans before the Commission contemplated a cancellation of New Haven's prior lien claim as also a breach of lease claim by B & P that will shortly be referred to. For the purpose of evaluating the plans and also for voting purposes, the parties stipulated, and it was approved by the Connecticut and Massachusetts courts, that the prior lien claim for the period from June 3, 1936 to January 1, 1940 should be evaluated at $7,000,000 and the breach of lease claim at $10,000,000.

The breach of lease claim that the petitioners assert should be adjudicated is a claim which has for its basis the rejection of B & P's lease to Old Colony taken over by New Haven in 1893. The Connecticut court also has jurisdiction to adjudicate this claim. Litigation has been had with respect to this claim in the Connecticut court and the Court of Appeals but it has never been completed.

Litigation on the prior lien claim and the breach of lease claim has ceased since the date of the stipulation of April 25, 1941. A further claim petitioners seek to have adjudicated is a claim of the B & P for profits realized from the use of the B & P properties by New Haven.

Sharply divergent views prevail among the parties to the reorganization proceedings as to the value of the claims referred to. And it is argued by the petitioners that the Commission cannot go forward with a formulation of a plan until the prior lien claim, the breach of lease claim, of which the prior lien claim is one of the elements, and the profits claim are adjudicated or otherwise determined. They argue that the claims are of such magnitude that they cannot be mutually cancelled without affecting the final plan, especially in the light of the fact, as the petitioners contend, there is no value at all to the prior lien claim if the segregation formula referred to was properly applied. And the petitioners argue that the breach of lease claim is in a substantial amount. The intervening New Haven security holders at the present time insist that the prior lien claim, estimated by one of them at $25,000,000, must be deducted from the B & P assets in order that a true value of the debtor's properties be arrived at.

In this view of the situation sufficiently outlined to present the picture, the question is: should the trustee of the debtor at this stage of the proceedings seek an adjudication of the claims in the Connecticut court to aid in formulating a fair and equitable plan? There is no question that the picture is complex and, in the light of the litigation already had in the Connecticut court,

1. The plan of reorganization proposed by the petitioners and now being considered by the Commission contemplates reinstatement of the original lease of the B & P.

of considerable uncertainty. If the basis of a plan of reorganization is sale and purchase, or lease, of the B & P properties, it would seem at first blush that somewhere at some time these claims should be adjudicated or determined in order to arrive at the true value of the debtor's estate. Admittedly the Commission has not the power to adjudicate the prior lien claim, Old Colony Bondholders v. New York, N. H. & H. R. Co., 2 Cir., 161 F.2d 413, 429, 430, which must be valued before the breach of lease claim, of which it is an element. It may be that the cancellation of claims between the B & P estate on the one hand and the New Haven in reorganization and the reorganized New Haven will not be proper and fair treatment in formulating a plan. This is what is provided in the proposed plan of the trustee now before the Commission and also was proposed in the plan filed June 21, 1950 by the present stockholders' committee. The Commission has not at any time put an arithmetical valuation on the prior lien claim, yet it has at all times indicated in its reports it would be necessary to take this claim into consideration in evolving a plan of reorganization for the B & P. The Commission stated in its report of February 8, 1944 (257 I.C.C. 9) : "In considering the question as to what would be a fair purchase price of the Boston & Providence, * * * many of the elements or factors involved were of such a nature that it was not possible to ascribe to them precise money values. * * * We are of the opinion that the value of the Boston & Providence properties to the principal debtor cannot be determined by mathematical calculations, but that it is essentially a matter of judgment based on a consideration of the intangible elements and a general knowledge of system requirements." If I understand it correctly, what the Commission is saying is that the prior lien claim is merely one of the factors to be considered; that an adjudication by the Connecticut court of the prior lien and breach of lease claims may not be essential to the formulation of a plan of reorganization. A petition similar to the one now under consideration was filed by the stockholders' committee, petitioners here, and the Commission rejected the request that the proceedings be suspended before the Commission until the claims were adjudicated or determined. In doing so, under its order dated October 4, 1951, the Commission took the position outlined above, namely, that it may not be essential to a formulation of a fair and equitable plan to adjudicate the claims. Whether the Commission will adhere to considering the prior lien claim as a factor, I have no means of knowing.

What I have set forth leads me to the conclusion that I should not accede to the request of the petitioners to instruct the trustee at this stage of the proceedings to adjudicate the claims in the Connecticut court. I do not say it may not be necessary later. The Commission is charged in the first instance with the approval of a plan. The court cannot approve a plan not approved by the Commission and certified to the court, § 77, sub. d, supra. The Commission may approve a plan different in all respects from any proposed. Nothing in any of them binds the Commission. The plan must comply with subsections b and e of § 77 of the Bankruptcy Act. It must be fair and equitable. Subsection e. At the moment, the Commission is charged with evaluating the properties of B & P. It appears orderly to this court to allow the Commission, which has had the problem of a plan for such an extended period and at present has completed its hearings on the plans before it, to approve and certify a plan to this court that § 77 requires it to do without any previous interference or intimation from this court. There will be ample time when a plan is certified to the court to pass upon the treatment accorded the prior lien and other claims by the Commission. Obviously the question whether the overall plan is fair and equitable will still remain.

The petition is dismissed.